FEAK ET AL., APPELLEES, *v.* CITY OF TOLEDO ET AL., APPELLANTS.[*]

(No. 4996—Decided May 17, 1957.)

*Mr. Dan H. McCullough* and *Mr. John J. Schuchmann,* for appellees.

*Mr. Charles T. Lawton* and *Mr. William D. Driscoll,* for appellants.

YOUNGER, J. This case arises on appeal by the city of Toledo from a finding and judgment of the Court of Common Pleas of Lucas County, relative to the interpretation and legal effect of Ordinance No. 176-56, Section 25-9-1, Article IX, Chapter 25 of the Municipal Code of the city of Toledo, relating to so-called pinball machines.

Stripped of words unnecessary for our consideration, the ordinance reads as follows:

"It is hereby declared prejudicial to public morals and contrary to the public welfare and is hereby made unlawful to own * * * any pinball machine * * * which is so constructed as to

---

[*]Motion to certify the record overruled, December 18, 1957. Appeal dismissed, 167 Ohio St., 167.

make possible * * * by the use of an adjustment or by the registering of odds or a score, the return of * * * tokens, freeplays' * * * or other privileges.''

The Common Pleas Court held that this ordinance was a legal and constitutional enactment by the council and legally and constitutionally provides for the control and regulation of the ownership, possession and use of pinball machines and for their seizure when used as gambling devices. The court further found that there was no evidence introduced in the trial of the case that the two machines introduced in evidence were used as gambling devices even to the extent of giving a free play and that therefore the ownership of the machines was not violative of the ordinance.

It is admitted that the machines introduced in evidence, as originally constructed, did provide for free plays and that such machines are necessarily quite complicated in their construction. The evidence shows that the machines introduced in evidence were altered and rearranged so that the free-play feature had been eliminated, and there was a great amount of evidence introduced as to the length of time, skill and knowledge required to change the machines back so that the free-play feature would again work. It is claimed on one hand that it would take a day or so for an ordinary mechanic to change the machines from no free play to free play or to reactivate the machines. On the other hand it is claimed an expert pinball mechanic could reactivate the machines in a matter of minutes.

However, our decision in this case cannot be controlled by the length of time necessary to reactivate the machines. The evidence introduced shows plainly that the machines in question can be reactivated, and whether an ordinary mechanic requires several days or an expert only 15 minutes to do the ''trick'' is beside the point. These machines do registered odds or a score and can be adjusted to provide free plays or other privileges.

Since the constitutionality of the ordinance is not under attack in this court, we are not called upon to review the recent cases on that subject. That has been well done by Judge Fess

of the Sixth Appellate District, sitting by designation in the Second Appellate District, in the cases of *Benjamin* v. *City of Columbus* and *Ferguson* v. *City of Columbus, ante,* 293.

It is fundamental in cases of this nature that the court cannot substitute its judgment for that of the council which enacted this ordinance. The necessity for and wisdom of the ordinance is a matter which has been determined by the Council of the city of Toledo, and an ordinance cannot be overthrown by a court unless such legislation is clearly arbitrary, unreasonable or unrelated to the public health, morals, safety or welfare of the community.

Our conclusion, therefore, is that so much of the judgment of the Court of Common Pleas as holds that the ownership of the pinball machines introduced in evidence is not violative of the ordinance is reversed, and, since the record fails to show the plaintiffs to be entitled to the relief prayed for, their petition is hereby dismissed and final judgment entered for the defendant city.

*Judgment accordingly.*

MIDDLETON, P. J., and GUERNSEY, J., concur.

MIDDLETON, P. J., YOUNGER and GUERNSEY, JJ., of the Third Appellate District, sitting by designation in the Sixth Appellate District.